IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PANDROL USA, LP, et al.,                    )
                                            )
                    Plaintiffs,             )
                                            )
vs.                                         )          No. 99-0182-CV-W-SOW
                                            )
AIRBOSS RAILWAY PRODUCTS, INC.,             )
et al.,                                     )
                                            )
                    Defendants.             )

ORDER

Before the Court are plaintiffs' Motion for Summary Judgment and for a Preliminary

Injunction (Doc. #232), defendants' Motion for Summary Judgment (Doc. #237), and plaintiffs'

Motion to Strike or Preclude Evidence Proffered in Support of Defendants' Cross Motion for

Summary Judgment (Doc. #241). All of these motions have been fully briefed and are ripe for

review. For the reasons stated below, plaintiffs' Motion for Summary Judgment is granted,

defendants' Motion for Summary Judgment is denied, and plaintiffs' Motion to Strike is granted.

I. Background

This case has been remanded to this Court following an appeal to the Federal Circuit. The

only issue on remand is the validity of plaintiffs' patent as challenged by defendants as an

affirmative defense. See, Pandrol USA, LP v. Airboss Railway Products, Inc., 320 F.3d 1354,

1366 (Fed. Cir. 2003).

Plaintiffs Pandrol USA, LP and Pandrol Limited ("Pandrol") have moved for summary

judgment on the issue of validity as to all claims of U.S. Patent No. 5,110,046 ("the '046 patent").

Pandrol also requests that a permanent injunction be issued and the monetary judgment previously

entered against defendants be restored. At the same time, defendants AirBoss Railway Products,

Inc., AirBoss of America Corp., Robert M. Magnuson, and Jose R. Mediavilla ("AirBoss") have moved for summary judgment arguing that the patent in suit is invalid.

The undisputed material facts relevant to the pending motions for summary judgment are as follows: AirBoss' Answer to Pandrol's Complaint alleges that the '046 patent is invalid. The only evidence proffered by AirBoss discussing the issue of validity is a report from Frank Scott. Defendants attempt to controvert this statement by relying on the declaration of Hartley Young. Plaintiffs have filed a separate motion seeking to preclude defendants from relying on the Young declaration.

In the Narrative of Expected Testimony of Frank Scott, Airboss states that there was new subject matter added to the specification by an Amendment submitted on March 13, 1991, when the words "layer 12 of" were added and the word "is" was deleted. Plaintiff Pandrol notes that the Federal Circuit specifically considered the materiality of all the changes to the specification relied upon by AirBoss and concluded:

> the patentee amended the specification to refer to the new drawings, by adding "layer 12 of" between "by" and "adhesives" and deleting the word "is" between "plate 10" and "fitted" . . . . The addition of the phrase "layer 12 of" and the deletion of the word "is" are without significance.

Pandrol v. AirBoss, 320 F.3d at 1364.

Defendants claim that the following undisputed material facts support their own motion for summary judgment in which they claim that the patent is invalid because the written description is inadequate: (1) that the original application for the '046 patent lacks a description of a gasket that constitutes "a layer of adhering material . . . for adhering said plate to said tie . . ." as required by all claims of the patent and (2) that the original application for the '046 patent lacks a description of a gasket constituting "a layer of adhering material" that is the "sole means for adhering said

2

plate to said tie . . ." as required by all claims of the '046 patent. Again, both of these allegedly undisputed material facts rely on the declaration of Hartley Young that plaintiffs have moved to exclude. In addition, plaintiffs controvert defendants statements of fact by pointing out that the description of the gasket is found in the '046 patent at column 2, lines 7-10 and 37-42. The Federal Circuit has determined that such a gasket is described in the patent. Pandrol v. AirBoss, Appeal No. 00-1161, unpublished slip opinion at 11.

## II.  Standard

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Rafos v. Outboard Marine Corp., 1 F.3d 707, 708 (8th Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The movant bears the initial burden of making a prima facie showing of the absence of a genuine issue of material facts and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In so doing, a movant who will not bear the burden of persuasion at trial need not negate the non-movant's claim, but may make its prima facie showing simply by pointing out the lack of evidence on an essential element of the non-movant's claim. See Adler v. Walmart Stores, Inc., 144 F.3d 664 (10th Cir. 1998)(citing Celotex, 477 U.S. at 325).

## III.  Discussion

The key issue before this Court is the validity of the '046 patent. Under the patent statutes, a patent enjoys a heavy presumption of validity. See 35 U.S.C. §282. This presumption can be overcome only through clear and convincing evidence. United States Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554, 1563 (Fed. Cir. 1997). If Pandrol can show that AirBoss has failed to produce clear and convincing evidence on an essential element of their defense of invalidity, then

Pandrol is entitled to summary judgment. *See* <u>Eli Lilly & Co. v. Barr Laboratories, Inc.</u>, 251 F.3d 955, 962 (Fed. Cir. 2001)(en banc). The Federal Circuit has upheld the entry of summary judgment based upon validity where the defense of invalidity was premised on alleged defects of the patent specification to adequately describe the invention. <u>Id</u>.

The burden of establishing invalidity of the '046 patent is on AirBoss. 35 U.S.C. §282. AirBoss has had an opportunity to conduct discovery and produce evidence and experts to support defendants' allegations of invalidity. Plaintiffs argue that the only evidence proffered by AirBoss discussing any issue of validity is the single report of alleged expert Frank Scott. In the Narrative of Expected Testimony of Frank Scott, defendants state:

> Mr. Scott's expected testimony is that a reading of the patent specification and prosecution history and various statements made by application/patentee therein make it clear that the layer of adhering material must bond the plate to the tie in the manner of the epoxy adhesive which is the only adhesive material disclosed in the patent.

> Mr. Scott is also expected to testify that there was new subject matter added to the specification by an Amendment submitted on March 13, 1991 when the words "layer 12 of" were added and the word "is" was deleted. These changes amount to changing the content and meaning of the disclosure.

Plaintiff suggests that given the Scott report, the only invalidity defense being asserted by AirBoss is a new matter defense. In order to prove such a defense, AirBoss must demonstrate that an amendment added new matter. *See* <u>Brooktree Corp. v. Advanced Micro Devices, Inc.</u>, 977 F.2d 1555, 1574 (Fed. Cir. 1992); 35 U.S.C. §132.

An amendment to a specification does not violate the new matter rule if it merely clarifies or completes the original disclosure. <u>Hobbs v. Beach</u>, 180 U.S. 383 (1901). Similarly, amendment of the specification and drawings to conform to each other does not constitute new matter. <u>In re Heinle</u>, 342 F.2d 1001, 1007 (CCPA 1965). The examiner's allowance of an

4

amendment to the specification during prosecution of the patent before the U.S. Patent and Trademark Office carries an "especially weighty presumption of correctness" in support of validity. *See* Brooktree Corp., 977 F.2d at 1574-75.

In this case, where the claims were amended to include elements disclosed in the specification of the patent, but not shown in the drawings, the patent examiner may require the applicant to amend the drawings. Similarly, an applicant may amend the language of the specification provided that the changes are not so substantial as to amount to the introduction of new matter into the application. It is one of the responsibilities of the examiner to determine whether such changes constitute new matter. Here, the patent examiner allowed the amendment and the Federal Circuit has already ruled that the change to the specification did not effect any significant change.

Plaintiff argues that based upon the patent examiner's decision to permit the amendments and the Federal Circuit's finding that the amendments were without significance, it is impossible for AirBoss to prove its defense of invalidity based on the amendments. In opposing plaintiffs' Motion for Summary Judgment, AirBoss relies on the declaration of Hartley Young as well as new prior art. Plaintiffs have filed a motion to preclude the consideration of such evidence. Pandrol states that the new prior art was withheld during discovery, trial preparation, and the appeal. In addition, Pandrol argues that Young's proposed testimony is barred by the doctrine of assignor estoppel.

A.    AirBoss' Purported Evidence of Invalidity

1.    Prior Art

AirBoss relies on a patent and several publications in attempting to demonstrate that the patented invention was obvious when the patent application was filed. The Hixson patent was not

disclosed in AirBoss's identification of prior art prior to trial. Similarly, AirBoss's exhibits 4, 5, 8A, 9A, 9B, 9C, 9D and 9E were not disclosed in the identification of prior art. These items were not disclosed to Pandrol until AirBoss filed its cross-motion for summary judgment and suggestions in opposition to Pandrol's motion for summary judgment.

Prior to trial in this matter, AirBoss did not propose any jury instructions on the issue of obviousness and explicitly opposed any instruction on that point. Instead, AirBoss informed the Court that it was not alleging invalidity based on obviousness. As a result, the Court will not allow AirBoss to come forward at this late date and proffer evidence that the claims are invalid in view of prior art. *See* Wanda Lee Sturm v. Clark Equipment Co., 547 F. Supp. 144, 146 (W.D. Mo. 1982).

    2.    Young Testimony

Pursuant to the doctrine of assignor estoppel, one who has assigned the rights to a patent cannot later contend that what was assigned was a nullity. Diamond Scientific Co. v. Ambico, Inc., 848 F.2d 1220, 1224 (Fed. Cir.), cert. denied, 487 U.S. 1265 (1998). In this case, Young signed a declaration attesting to his belief in the validity of the invention of the '046 patent and participated in the prosecution of the patent. Young is now an employee or consultant to AirBoss. To the extent that he is attacking the validity of his invention, that he assigned to Pandrol, his testimony is precluded as a matter of law. Diamond Scientific Co., 848 F.2d at 1226.

In addition, Young's declaration sets forth his opinions on the interpretation of the patent specification and these opinions are offered as expert testimony under Federal Rule of Evidence 702. These opinions are excluded from consideration by Court as AirBoss did not produce an expert report by Young prior to trial.

In sum, the Court will not consider Young's declaration.

6

B.    AirBoss Has Not Proved Invalidity By Clear and Convincing Evidence

AirBoss has failed to produce any admissible evidence to support its argument that the '046 patent is invalid.  The patent as originally filed does disclose the claimed invention of a layer of adhering material that is the sole means for adhering, including either an epoxy adhesive or an HDPE gasket.  The specification expressly discloses that the invention is preferred to adhere.  Two alternatives are then disclosed for achieving this invention: either the use of the plate with epoxy or with an HDPE closed cell foam gasket.

The statements in the '046 patent are more than adequate to satisfy the written description requirement of 35 U.S.C. §112.  Claim 1 is disclosed in the original application.  As to claim 2, AirBoss simply argues that it incorporates the alleged undisclosed language of claim 1.  This argument fails as a matter of law since claim 1 is valid.  Claim 3 is also disclosed in the original application.  AirBoss has no evidence from which a reasonable juror could find in its favor on a defense of inadequate written description under 35 U.S.C. §112.

Similarly, AirBoss has insufficient evidence to prove the validity defense of obviousness.


IV.  Conclusion

For the reasons stated above, it is hereby

ORDERED that plaintiffs' Motion for Summary Judgment (Doc. #232) is granted.  It is further

ORDERED that defendants' Motion for Summary Judgment (Doc. #237) is denied.  It is further

ORDERED that plaintiffs' Motion to Strike or Preclude Evidence Proffered in Support of Defendants' Cross Motion for Summary Judgment (Doc. #241) is granted.  It is further

7

ORDERED that the permanent injunction is reinstated.  It is further

ORDERED that the previous award of damages to Pandrol for AirBoss's infringement is

reinstated.




/s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 10/15/2003


monetary damages restored.